UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------X
MILLIPORE CORPORATION,            )    Civil Action No.
MILLIPORE AB, and                 )
MILLIPORE SAS,                    )    COMPLAINT
        Plaintiffs,               )    AND DEMAND FOR JURY TRIAL
                                  )
v.                                )
                                  )
ALLPURE TECHNOLOGIES, INC.,       )
        Defendant.                )
-------------------------------------------------X
```

The plaintiffs, Millipore Corporation, Millipore AB, and Millipore SAS (hereinafter collectively referred to as "Millipore"), for their complaint against the defendant, AllPure Technologies, Inc. ("AllPure"), state as follows:

NATURE OF THE ACTION

1.      In this action Millipore seeks to recover damages and to obtain preliminary and permanent injunctions for infringement of its patent rights pursuant to Title 35 of the United States Code.

JURISDICTION AND VENUE

2.      This court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331 and 1338, and the United States Patent Laws, Title 35 of the United States Code.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

THE PARTIES

4.      The plaintiff Millipore Corporation is a Massachusetts corporation with a place of business at 290 Concord Road, Billerica, Massachusetts 01821.

5.      The plaintiff Millipore AB is a company existing under the laws of the Kingdom of Sweden with a place of business at Rödjans väg 7, SE-449 34 Nödinge, Sweden.

6. The plaintiff Millipore SAS is a company organized under the laws of France with a place of business at 39 rte Industrielle de la Hardt, 67120 Molsheim, France.

7. Upon information and belief, the defendant, AllPure, is a Delaware corporation with a place of business at 80 Progress Avenue, New Oxford, Pennsylvania 17350.

## FACTUAL BACKGROUND

8. On March 7, 2000, United States Patent No. 6,032,543 ("'543 Patent") entitled "Device For Introduction And/Or Withdrawal Of A Medium Into/From A Container" issued. A copy of the '543 Patent is filed herewith and made a part hereof as Exhibit A.

9. The plaintiff Millipore AB owns the entire right, title, and interest in the '543 Patent, subject to rights licensed to Millipore Corporation and Millipore SAS, and its ownership rights are confirmed by assignment and merger documents duly recorded in the United States Patent and Trademark Office.

10. The plaintiff Millipore SAS has exclusive license rights in the '543 Patent, including the right to make devices that fall within the scope of the claims of the '543 Patent.

11. The plaintiff Millipore Corporation has exclusive license rights in the '543 Patent, including the right to use, sell, offer for sale, and import into the United States devices that fall within the scope of the claims of the '543 Patent.

12. The '543 Patent discloses and claims devices for introducing and/or withdrawing medium into or from a container (hereinafter "sampling devices").

13. Upon information and belief, the defendant, AllPure, acting on its own or through affiliates or agents, makes, uses, sells, offers for sale, or is importing into the United States sampling devices for introducing and/or withdrawing medium into or from a container that

infringe the '543 Patent, including but not limited to the ALLPURE™ TAKEONE™ aseptic sampling system.

14. The ALLPURE™ TAKEONE™ aseptic sampling system is offered on the defendant's website at www.allpureinc.com, which is accessible in the Commonwealth of Massachusetts.

## COUNT I

15. Millipore repeats and realleges paragraphs 1 through 14 of this Complaint, as though fully set forth.

16. Upon information and belief, the defendant, AllPure, has infringed and is infringing one or more claims of the '543 Patent by making, using, selling, offering for sale, or importing sampling devices that infringe the '543 Patent.

17. Upon information and belief, the defendant, AllPure, has infringed and is infringing one or more claims of the '543 Patent directly, contributorily, or by actively inducing acts of infringement by others.

18. Upon information and belief, the defendant AllPure's infringement of the '543 Patent has been and continues to be willful and deliberate, and AllPure will continue its infringing activities unless enjoined by the Court.

19. Millipore has suffered and continues to suffer damages as a result of the defendant AllPure's infringement.

20. By reason of the above acts, Millipore has suffered and will continue to suffer irreparable harm. Millipore is entitled to injunctive relief enjoining and restraining the defendant AllPure and its officers, directors, agents, servants, employees, and all entities and individuals acting in concert with them or on their behalf, from further infringement of the '543 Patent.

WHEREFORE, Millipore Corporation, Millipore AB, and Millipore SAS demand judgment against the defendant, AllPure Technologies, Inc., as follows:

A. For judgment to be entered that the defendant AllPure has infringed the '543 Patent;

B. For injunctive relief, both preliminary and permanent, enjoining and restraining the defendant AllPure and its officers, directors, agents, servants, employees, and all entities and individuals acting in concert with them or on their behalf from further infringement of the '543 Patent;

C. For injunctive relief, both preliminary and permanent, enjoining and restraining the defendant AllPure and its officers, directors, agents, servants, employees, and all entities and individuals acting in concert with them or on their behalf from making, using, selling, offering for sale, or importing the ALLPURE™ TAKEONE ™ aseptic sampling system;

D. For an award of compensatory damages resulting from AllPure's infringement of the '543 Patent, plus interest, costs, and attorneys' fees;

E. For an award of pre-judgment interest on any damages awarded;

F. For judgment to be entered that the defendant AllPure's infringement of the '543 Patent is willful, and for damages to be increased pursuant to 35 U.S.C. § 284, up to three times the amount found or assessed;

G. For a declaration that this is an exceptional case under 35 U.S.C. § 285, and for an award of attorneys' fees; and

H. For such other and further relief as the Court deems just and proper.

- 5 -

### THE PLAINTIFFS DEMAND A TRIAL BY JURY

The plaintiffs, Millipore Corporation, Millipore AB, and Millipore SAS, hereby demand a trial by jury in this action on all claims and issues triable before a jury.

>MILLIPORE CORPORATION
>MILLIPORE AB
>MILLIPORE SAS
>
>By their attorneys,
>
>/s/ Susan G. L. Glovsky
>Susan G. L. Glovsky BBO# 195880
>susan.glovsky@hbsr.com
>Lawrence P. Cogswell III, Ph.D. BBO# 664396
>lawrence.cogswell@hbsr.com
>Hamilton, Brook, Smith & Reynolds, P.C.
>530 Virginia Road
>P.O. Box 9133
>Concord, Massachusetts 01742
>Telephone: 978-341-0036
>Fax: 978-341-0136

Dated: February 9, 2011

1053739.1