UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MILLIPORE CORPORATION,
MILLIPORE AB, and
MILLIPORE SAS,

     Plaintiffs/Counterclaim-Defendants,

     v.

ALLPURE TECHNOLOGIES, INC.,

     Defendant/Counterclaim-Plaintiff

CIVIL ACTION NO. 11-cv-10221-DPW

**JURY TRIAL REQUESTED**

---

**DEFENDANT ALLPURE TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFFS'
COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

---

Defendant/Counterclaim-Plaintiff AllPure Technologies, Inc., ("AllPure") hereby

responds to the Complaint of Plaintiffs/Counterclaim-Defendants Millipore Corporation,

Millipore AB, and Millipore SAS (collectively referred to as "Millipore").  AllPure denies all

allegations not expressly admitted below.

## NATURE OF THE ACTION

1.     AllPure admits that the Complaint purports to state claims that arise under the

patent laws of the United States.  AllPure denies the remaining allegations of paragraph 1.

## JURISDICTION AND VENUE

2.     AllPure does not contest subject matter jurisdiction in this case.

3.     AllPure does not contest venue for the limited purpose of this case.

## THE PARTIES

4.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 4, and therefore denies these allegations.

5.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 5, and therefore denies these allegations.

6.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 6, and therefore denies these allegations.

7.      AllPure admits the allegations of paragraph 7.

## FACTUAL BACKGROUND

8.      AllPure admits that United States Patent No. 6,032,543 (the "'543 patent") bears the title "Device For Introduction And/Or Withdrawal Of A Medium Into/From A Container" and bears an issue date of March 7, 2000, and that a copy of the '543 patent is attached to the Complaint as Exhibit A.  AllPure does not have sufficient information to admit or deny the remaining allegations of paragraph 8, and therefore denies these allegations.

9.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 9, and therefore denies these allegations.

10.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 10, and therefore denies these allegations.

11.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 11, and therefore denies these allegations.

12.      AllPure does not have sufficient information to admit or deny the allegations of paragraph 12, and therefore denies these allegations.

13.      AllPure denies each and every allegation of paragraph 13.

14.     AllPure admits that www.allpureinc.com is accessible in the Commonwealth of
Massachusetts.  AllPure denies the remaining allegations of paragraph 14.

## COUNT I

15.     AllPure incorporates by reference its responses to paragraphs 1-14.

16.     AllPure denies each and every allegation of paragraph 16.

17.     AllPure denies each and every allegation of paragraph 17.

18.     AllPure denies each and every allegation of paragraph 18.

19.     AllPure denies each and every allegation of paragraph 19.

20.     AllPure denies each and every allegation of paragraph 20.

## AFFIRMATIVE DEFENSES

AllPure pleads the following affirmative defenses:

1.      The Complaint fails to state any claim against AllPure upon which relief can be
granted.

2.      The '543 patent, and each claim thereof, is invalid and/or unenforceable for
failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*,
including without limitation, the requirements of §§ 101, 102, 103 and/or 112, and the rules,
regulations and laws pertaining thereto.

3.      AllPure has not directly infringed, has not contributorily infringed, and has not
induced infringement of any valid and enforceable claim of the '543 patent, either literally or
under the doctrine of equivalents, and is not liable for any infringement of the '543 patent.

4.      AllPure has not willfully infringed any valid and enforceable claim of the '543
patent.

5.      Millipore's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

6.      Millipore's claims for relief are barred in whole or in part by the doctrine of estoppel.

7.      Any damages sought by Millipore are limited by 35 U.S.C. §§ 286 and/or 287.

8.      AllPure expressly reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

AllPure counterclaims for declaratory judgment as follows:

## THE PARTIES

1.      Counterclaim-Plaintiff AllPure is a Delaware corporation with a place of business at 80 Progress Avenue, New Oxford, Pennsylvania 17350.

2.      On information and belief, Counterclaim-Defendant Millipore Corporation is a Massachusetts corporation with a place of business at 290 Concord Road, Billerica, Massachusetts 01821.

3.      On information and belief, Counterclaim-Defendant Millipore AB is a company existing under the laws of the Kingdom of Sweden with a place of business at Rödjans väg 7, SE-449 34 Nödinge, Sweden.

4.      On information and belief, Counterclaim-Defendant Millipore SAS is a company organized under the laws of France with a place of business at 39 rte Industrielle de la Hardt, 67120 Molsheim, France.

4

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents), and 28 U.S.C. §§ 2201 and 2202 (Federal Declaratory Judgment Act).

6.      This Court has personal jurisdiction over Millipore because each of the Millipore entities has availed itself of this Court's jurisdiction by commencing this Action.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

8.      With its Complaint, Millipore alleges that AllPure infringes the '543 patent by making, using, selling, offering for sale or importing the ALLPURE TAKEONE system. AllPure denies the allegations.  Thus, there is an actual case or controversy between AllPure and Millipore over the alleged infringement of the '543 patent.

## COUNTERCLAIM COUNT I

### (Declaratory Judgment Regarding The '543 Patent)

9.      Counterclaim paragraphs 1-8 are incorporated herein by reference.

10.      AllPure's manufacture, use, sale, importation, or offer for sale of the ALLPURE TAKEONE system has not infringed and does not infringe any valid and enforceable claim of the '543 patent.

11.      AllPure's manufacture, use, sale, importation, or offer for sale of the ALLPURE TAKEONE system has not contributorily infringed and does not contributorily infringe any valid and enforceable claim of the '543 patent.

12.     AllPure's manufacture, use, sale, importation, or offer for sale of the ALLPURE TAKEONE system has not induced infringement and does not induce infringement of any valid and enforceable claim of the '543 patent.

13.     AllPure's manufacture, use, sale, importation, or offer for sale of the ALLPURE TAKEONE system has not willfully infringed and does not willfully infringe any valid and enforceable claim of the '543 patent.

14.     AllPure, its customers, and all others have the right to manufacture, use, sell, import, or offer for sale the ALLPURE TAKEONE system unhampered and unrestricted by Millipore.

15.     None of AllPure's products infringe any valid and enforceable claim of the '543 patent directly, contributorily or by inducement.

## RELIEF REQUESTED

Wherefore, AllPure respectfully requests:

1.     That this Court dismiss the Complaint against AllPure with prejudice and find that Millipore take nothing by way of its Complaint;

2.     That this Court enter a judgment declaring that AllPure and its products have not infringed and do not infringe any valid and enforceable claim of the '543 patent;

3.     That this Court enter a judgment declaring that AllPure and its products have not induced infringement and do not induce infringement of any valid and enforceable claim of the '543 patent;

4.     That this Court enter a judgment declaring that AllPure and its products have not contributorily infringed and do not contributorily infringe any valid and enforceable claim of the '543 patent;

6

5.      That this Court enter a judgment declaring that AllPure has not willfully infringed and does not willfully infringe any valid and enforceable claim of the '543 patent;

6.      That this Court enter a judgment denying any award to Millipore for damages, enhanced damages, interests, costs, or attorneys' fees;

7.      That this Court deny any injunction against AllPure, its officers, directors, agents, servants, employees, or those entities and individuals acting in concert with them or on their behalf;

8.      That this Court enjoin Millipore, its officers, directors, agents, servants, employees, and those entities and individuals acting in concert with them or on their behalf from charging, orally or in writing, that AllPure or its products infringe, contribute to the infringement, or induce the infringement of the '543 patent.

9.      That this Court enter a judgment declaring that the '543 patent and its claims are invalid and/or unenforceable.

10.     That this Court declare this case exceptional and award AllPure its reasonable costs, expenses and attorneys' fees;

11.     That this Court award AllPure any and all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

AllPure requests a trial by jury on all claims and issues triable before a jury.

Dated:  March 17, 2011                    Respectfully submitted,

                                          /s/ Kevin Su
                                          Alan D. Smith BBO#629034
                                          Smith@fr.com
                                          Kevin Su BBO#663726
                                          Su@fr.com
                                          Denis G. Maloney BBO#316390
                                          Maloney@fr.com
                                          FISH & RICHARDSON P.C.
                                          One Marina Park Drive
                                          Boston, MA  02210-1878
                                          Telephone (617) 542-5070
                                          Facsimile (617) 542-8906


                                          Attorneys for Defendant
                                          ALLPURE TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non registered participants on this 17th day of

March, 2011

*/s/ Kevin Su*
Kevin Su

22595368.doc