UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
MILLIPORE CORPORATION,            )   Civil Action No. 11-cv-10221 DPW
MILLIPORE AB, and                 )
MILLIPORE SAS,                    )   MEMORANDUM OF REASONS
    Plaintiffs,                  )   IN SUPPORT OF MILLIPORE'S
                                  )   MOTION TO DISMISS ALLPURE'S
v.                                )   UNENFORCEABILITY COUNTERCLAIM
                                  )   AND AFFIRMATIVE DEFENSE
ALLPURE TECHNOLOGIES, INC.,       )
    Defendant.                   )
---------------------------------------------------------X

I.    Introduction

AllPure Technologies, Inc.'s ("AllPure") allegations concerning unenforceability of the patent-in-suit fail to meet the requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure.

AllPure does not identify its legal theory supporting its allegation of unenforceability. Rather, it lists multiple undifferentiated statutory provisions as well as the "rules, regulations and laws pertaining thereto" in support of its assertion that each claim of the patent is "invalid and/or unenforceable." It is therefore not possible to determine whether AllPure is asserting, for example, that the patent is unenforceable as a result of inequitable conduct or some other theory. AllPure's conclusory assertion of unenforceability does not rise to the level required by Rule 8.

Further, it would be reasonable to conclude that AllPure's allegation of unenforceability is based on a theory of inequitable conduct, a common unenforceability theory advanced by those accused of patent infringement. Allegations of inequitable conduct are judged under Rule 9(b), and AllPure's conclusory assertions fall far short of meeting the obligations imposed by Rule 9(b).

For these reasons, the Court should dismiss AllPure's affirmative defense and declaratory judgment counterclaim of "unenforceability," pursuant to Rule 12(c).

## II.   Factual Background

In its Answer to Plaintiffs' Complaint and Counterclaims for Declaratory Judgment, AllPure alleged in its Counterclaim that it did not infringe any "valid and enforceable claim" of the patent-in-suit, U.S. Patent No. 6,032,543 ("'543 patent") (Counterclaim, at ¶¶ 10-13, 15) and sought "a judgment declaring that the '543 patent and its claims are invalid and/or unenforceable." (Relief Requested, at ¶ 9). AllPure did not identify the basis for the alleged unenforceability, such as, for example, that it was based on alleged inequitable conduct, or provide any factual support for its allegation.

AllPure alleged in its Affirmative Defenses that the '543 patent was "invalid and/or unenforceable." (Affirmative Defenses, at ¶ 2). Again, AllPure did not identify the basis for the alleged unenforceability or make any factual allegations, pleading only that

> [t]he '543 patent, and each claim thereof is invalid ***and/or unenforceable*** for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation, the requirements of §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

(Affirmative Defenses, at ¶ 2) (emphasis added).

## III.   Argument

AllPure's allegations of "unenforceability" are devoid of factual support and therefore fail to satisfy the requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure. As a result, the Court should dismiss AllPure's affirmative defense and declaratory judgment counterclaim of "unenforceability," pursuant to Rule 12(c).

A.  AllPure's counterclaim of "unenforceability" should be dismissed for failure to satisfy Rule 8.

Whatever AllPure's unstated theory of "unenforceability" may be, its allegations fail to satisfy the notice pleading requirements of Rule 8.  Rule 8 of the Federal Rules of Civil Procedure requires AllPure to plead sufficient factual matter to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   The factual elements of the allegations may not be "conclusory," and neither legal conclusions nor "threadbare recitals of the elements of a cause of action" are sufficient to satisfy the factual pleading requirement of Rule 8.  *Iqbal*, 129 S. Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  As the Supreme Court has held, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

AllPure's allegations of "unenforceability" exemplify "conclusory" pleading.  AllPure's counterclaim seeks "a judgment declaring that the '543 patent and its claims are invalid and/or unenforceable," (Relief Requested, at ¶ 9), alleging only that AllPure did not infringe any "valid and enforceable claim" of the '543 patent. (Counterclaim, at ¶¶ 10-13, 15).  AllPure's counterclaim leaves Millipore[1] to guess about the nature of AllPure's allegation of unenforceability.  It does not satisfy Rule 8.

AllPure's counterclaim would not satisfy Rule 8 even if it were to include the allegation from AllPure's Affirmative Defenses[2] that

---

[1] "Millipore" refers collectively to the plaintiffs Millipore Corporation, Millipore AB, and Millipore SAS.
[2] AllPure did not re-allege or incorporate by reference in its Counterclaim the allegations in its Affirmative Defenses.

> [t]he '543 patent, and each claim thereof is invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 1 et seq., including without limitation, the requirements of §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

(Affirmative Defenses, at ¶ 2). This allegation in its Affirmative Defenses is no less conclusory. It does not state which requirements of the laws, rules, or regulations have allegedly not been met, how this alleged failure to meet these unidentified requirements gives rise to the claimed unenforceability of the '543 patent, or identify the type of unenforceability being asserted or any factual support therefor. In fact, when this allegation is stripped of its legal conclusions relating to its undifferentiated list of laws, rules, and regulations, nothing remains.

Applying the Rule 8 standard, District Courts have dismissed similar allegations of "unenforceability," holding that such allegations, when stripped of legal conclusions, fail to provide any factual basis for the claim. For example, in *Genetic Technologies, Ltd. v. Interleukin Genetics Inc.*, the defendant asserted a counterclaim for declaratory judgment of "invalidity/unenforceability" but "d[id] not specify in its counterclaim what it means by 'unenforceability.'" 2010 U.S. Dist. LEXIS 87238, Case No. 10-cv-69-bbc (W.D. Wis. Aug. 24, 2010). Its only allegation was similar to the one pleaded by AllPure in its affirmative defenses: "The claims believed to be at issue in this case are all invalid and/or unenforceable under one or more of 35 U.S.C. § 101, 102, 103 and 112." *Genetic Technologies* at *5.

Applying the *Iqbal* and *Twombly* standard, the *Genetic Technologies* Court held that the defendant's counterclaim was—at a minimum—insufficient under Rule 8: "Even if I assume that Rule 9(b) does not apply, defendant has failed to allege sufficient facts to satisfy the pleading requirements of Rule 8 by providing only legal conclusions that the patent is unenforceable." *Genetic Techs.* at *3. "At no point does defendant allege any facts that would suggest why the

patent may be unenforceable. The court cannot treat this conclusory statement as true." *Genetic Techs.* at *5. Similarly, in *Moody v. Aqua Leisure International*, the defendant's counterclaim alleged that "[u]pon information and belief, the claims of the asserted patent are invalid and/or unenforceable under one or more provisions of Title 35 of the United States Code §§ 101, et seq., including at least one of §§ 102, 103, and 112." 2011 U.S. Dist. LEXIS 70878 at *7, Case No. 4:10-cv-1961 (S.D. Tex. June 30, 2011). The *Moody* Court held that this counterclaim failed to meet the *Twombly* standard for Rule 8 pleading.

Accordingly, even if AllPure's unenforceability counterclaim had contained the allegations in its Affirmative Defenses, such that it was akin to the counterclaims asserted in *Genetic Technologies* and *Moody*, it would be no less conclusory and no less deficient under *Twombly* and Rule 8.

This Court should dismiss AllPure's unenforceability counterclaim pursuant to Rule 12(c).

> B. AllPure's affirmative defense of "unenforceability" should be dismissed for failure to satisfy Rule 8.

AllPure's affirmative defense of unenforceability should be dismissed pursuant to Rule 12(c) for failure to satisfy the pleading requirements of Rule 8(b)(1)(A), which requires, in pertinent part, that a party "state in short and plain terms its defenses."[3] AllPure's allegations of

---

[3] Whether unenforceability has been adequately pleaded as an affirmative defense should be treated as a question governed by Federal Circuit law. *See* Ce*ntral Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). The Federal Circuit has yet to determine whether an affirmative defense of unenforceability should be judged under the *Twombly* and *Iqbal* heightened-pleading standard, and the First Circuit has not yet provided guidance. "The majority of district courts . . . **have** concluded that the *Twombly-Iqbal* approach does apply to affirmative defenses." *Barry v. EMC Mortgage*, 2011 U.S. Dist. LEXIS 104265 (D. Md. Sept. 15, 2011) (emphasis added). *But see, e.g.*, *Investment Signals, LLC v. Irrisoft, Inc.*, 2011 DNH 124 (D.N.H. 2011) (holding that *Twombly and Iqbal* do not apply to affirmative defenses).

"unenforceability" are far from a "plain" statement of a defense. To the contrary, AllPure's conclusory allegations leave Millipore to guess about the nature of AllPure's defense:

> The '543 patent, and each claim thereof is invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 1 et seq., including without limitation, the requirements of §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

(Affirmative Defenses, at ¶ 2). AllPure does not state the type of unenforceability it is asserting or any facts from which the nature of, or basis for, the defense might be determined. Accordingly, this Court should dismiss AllPure's unenforceability defense pursuant to Rule 12(c).

### C. To the extent that AllPure's allegations of unenforceability rely on unstated allegations of inequitable conduct, they should be dismissed for the additional reason that they do not satisfy the heightened pleading standard of Rule 9.

AllPure has failed to identify any basis for its unenforceability allegations. Left unstated, a reasonable inference from the allegations is that it is relying on inequitable conduct as a basis. To the extent that AllPure's allegation of "unenforceability" is grounded in unstated allegations of inequitable conduct, there is an independent basis for dismissing them. Inequitable conduct must be pleaded with specificity, pursuant to Rule 9(b), identifying facts in support of both the materiality and intent elements of the defense. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329-30 (Fed. Cir. 2009). AllPure's allegations fall far short of the level of specificity required to sustain an inequitable conduct claim or defense.

As the Federal Circuit held in *Exergen*, Rule 9(b) requires inequitable conduct pleadings to identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO," and to include "sufficient allegations of underlying facts from which a court may reasonably infer . . . a specific intent to deceive the PTO." *Exergen* at 1329-30. AllPure fails to provide any factual detail in support of its allegations, let alone the

heightened level of detail required to support a pleading of unenforceability based on inequitable conduct. Accordingly, AllPure's unenforceability counterclaim and defense should be dismissed pursuant to Rule 12(c) for failure to meet the *Exergen* pleading requirements of Rule 9(b), in addition to the failure to meet the pleading requirements of Rule 8.

IV.     Conclusion

The Court should dismiss AllPure's counterclaim and affirmative defense of "unenforceability" pursuant to Rules 8, 9, and 12(c) of the Federal Rules of Civil Procedure.

        MILLIPORE CORPORATION,
        MILLIPORE AB, and
        MILLIPORE SAS

        By their attorneys,

        /s/ Lawrence P. Cogswell III, Ph.D.
        Susan G. L. Glovsky (BBO# 195880)
        susan.glovsky@hbsr.com
        Lawrence P. Cogswell III, Ph.D. (BBO #664396)
        lawrence.cogswell@hbsr.com
        Benjamin J. Sparrow (BBO #667731)
        benjamin.sparrow@hbsr.com
        Hamilton, Brook, Smith & Reynolds, P.C.
        530 Virginia Road
        P.O. Box 9133
        Concord, Massachusetts 01742
        Telephone:  (978) 341-0036
        Fax:  (978) 341-0136

Dated:  September 23, 2011

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 23, 2011.

               /s/ Lawrence P. Cogswell III, Ph.D.
               Lawrence P. Cogswell III, Ph.D.