UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------------X
                                        )
EMD MILLIPORE CORPORATION,              )        Civil Action No.  11-cv-10221 DPW
MERCK CHEMICALS AND LIFE                )
SCIENCES AB, and                        )        MILLIPORE'S OPPOSITION TO
MILLIPORE SAS,                          )        ALLPURE'S MOTION
          Plaintiffs,                   )        TO LIFT STAY
                                        )
v.                                      )
                                        )
ALLPURE TECHNOLOGIES, LLC,              )
          Defendant.                    )
----------------------------------------------------------X
```

I.      Introduction:

EMD Millipore Corporation and its subsidiaries Merck Chemicals and Life Sciences AB

and Millipore SAS ("Millipore") oppose lifting the stay ordered by this Court on September 28,

2014, granting Millipore's motion to stay determination of attorneys' fees, nonstatutory costs,

and statutory costs.

As grounds therefor, Millipore states that

- The motion for attorneys' fees is futile because AllPure has failed to establish an

  "exceptional case" as required by *Octane Fitness, LLC v. ICON Health & Fitness,*

  *Inc.*, 134 S. Ct. 1749 (2014).

- Millipore will be requesting reconsideration and reconsideration *en banc* and,

  thus, AllPure may not be the prevailing party in this action.

For these reasons, judicial economy continues to favor maintaining the stay of the

determination of attorneys' fees.

II.     Background

Millipore, a manufacturing company, brought a legitimate claim for patent infringement

against its competitor AllPure Technologies, LLC ("AllPure") (now a subsidiary of Sartorius

Stedim Biotech S.A.), based on AllPure's sale of its TAKEONE sampler, which is strikingly similar to Millipore's patented device.

On September 17, 2013, this Court granted AllPure's motion for summary judgment of noninfringement (D.I. 113, Memorandum and Order dated September 17, 2013), which resulted in the entry of final judgment in favor of AllPure (D.I. 128 dated November 22, 2013).  Millipore appealed from that final judgment on November 27, 2013 (D.I. 129, 129-1, 129-2, and 129-3).  On December 6, 2013, AllPure filed a motion for attorneys' fees and costs.  (D.I. 135)  Millipore opposed AllPure's motion (D.I. 144) and also moved to stay a determination of attorneys' fees, nonstatutory costs, and statutory costs pending appeal (D.I. 146).

In its April 29, 2014 *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* decision concerning the award of attorneys' fees, the Supreme Court rejected the standard applied in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).  Instead, the Supreme Court announced that "Our analysis begins and ends with the text of [35 U.S.C.] § 285:  The court in exceptional cases may award reasonable attorney fees to the prevailing party."  *Octane Fitness*, 134 S. Ct. at 1355.  According to the Supreme Court, "exceptional" should be construed in accordance with its ordinary meaning as "uncommon," "rare," or "not ordinary," referencing *inter alia* Webster's New International Dictionary 889 (2d ed. 1934); see also 3 Oxford English Dictionary 374 (1933) (defining "exceptional" as "out of the ordinary course," "unusual," or "special"); Merriam-Webster's Collegiate Dictionary 435 (11th ed. 2008) (defining "exceptional" as "rare").

On September 29, 2014, the Federal Circuit issued an opinion, affirming this Court's decision, but the affirmance was on grounds that were different from this Court's basis for entering summary judgment.  The Federal Circuit chose to issue this opinion as a precedential opinion.

III.    The stay should not be lifted because the underlying motion is futile

As more fully stated in Millipore's opposition to the motion for attorneys' fees (D.I. 144 at 2-7), Millipore's claims against AllPure do not give rise to an exceptional case.  Even the Federal Circuit and this Court reached different conclusions on the prosecution history estoppel issue that is the basis for the Federal Circuit's decision, this Court having concluded that estoppel did not prevent consideration of equivalents.  And Millipore will be seeking reconsideration and reconsideration *en banc* as to the Federal Circuit's estoppel decision.  Because this is not an exceptional case, there is no rush to consider the attorneys' fees motion (which ultimately should fail) until there is a decision on reconsideration.

IV.    The stay should not be lifted in the continued interests of judicial economy

In view of the impending request for reconsideration and reconsideration *en banc*, judicial economy continues to support the stay that was just imposed by this Court.

In addition, as more fully stated in Millipore's opposition to the motion for attorneys' fees (D.I. 144 at 7-10), AllPure's defense of this action greatly increased the cost of this action by advancing multiple assertions that were unsupportable.  To consider the fee motion properly, judicial economy favors awaiting decision on Millipore's reconsideration presentation to the Federal Circuit.

V.    Conclusion

The defendant's motion to lift the stay should be denied and the stay should remain in effect until the resolution of the request for reconsideration by the Federal Circuit and further consideration by the Federal Circuit that may follow.

EMD MILLIPORE CORPORATION,
MERCK CHEMICALS AND LIFE SCIENCE AB,
and
MILLIPORE SAS

By their attorneys,


/s/  Susan G. L. Glovsky
Susan G. L. Glovsky (BBO# 195880)
Lawrence P. Cogswell III, Ph.D. (BBO #664396)
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts  02210
Telephone:  617-607-5995
Fax:  978-341-0136
susan.glovsky@hbsr.com
lawrence.cogswell@hbsr.com

Dated:  October 15, 2014



CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on October 15,
2014.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

1725705.v1